(84 Misc. Rep. 554)

PEOPLE ex rel. PAPE v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. March, 1914.)

SCHOOLS AND SCHOOL DISTRICTS (§ 144*)—SALARY OF TEACHERS—APPLICATION OF STATUTE.

Laws 1913, c. 534, providing that the salary of a male teacher in the seventh and eighth grades, appointed to teach in the elementary schools prior to January 1, 1912, shall not be less than that now fixed for any regular teacher in the elementary schools, applies only to regular teachers and not to one assigned to teach a special subject.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 308–314; Dec. Dig. § 144.*]

Motion for writ of mandamus by the People, on the relation of Adolph F. Pape, against the Board of Education of the City of New York. Motion denied.

John E. O'Brien, of New York City, for relator.
Frank L. Polk, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JAYCOX, J. The relator is a male teacher licensed to teach German in the public schools of the city of New York, and was teaching that subject in the elementary schools of the said city prior to the 1st day of January, 1912. He received an annual salary of $1,600. Some of the regular teachers in the elementary schools receive $2,500 per annum. The relator teaches in grades of the seventh and eighth years. He claims that, by the following provision of chapter 534 of the Laws of 1913, he is entitled to receive $2,400 per annum:

"The salary of * * * a male teacher in the grades of the seventh and eight[1] years, appointed to teach in elementary schools prior to January, 1st, 1912, shall be not less than that now fixed for any regular teacher in the elementary schools."

The question involved herein is whether the above-quoted provision of chapter 534 of the Laws of 1913 applies to a teacher of German or whether it only applies to regular teachers. I am of the opinion that it only applies to regular teachers. I think the relator does not come within the terms of the statute. He was not a teacher appointed to teach in the elementary schools prior to January 1, 1912. He was assigned to teach a special subject, to wit, German, in such schools. I think the language of the statute, "to teach in elementary schools," has a broader significance than the teaching of one subject only. I think it intends and applies only to those teachers who are authorized to teach generally in those schools prior to January 1, 1912, and which are designated in the quoted portion of the statute as "regular teachers." I think the object and purpose of the statute was to permit all regular male teachers appointed prior to January 1, 1912, to receive as much salary as now fixed for any regular teacher in the elementary schools; in other words, to place all regular teachers appointed prior to January 1, 1912, on an equality with the highest paid regular teacher in such schools. The history of the legislation upon this subject, which I will not recite, confirms me in this belief, and examination also of the laws relating to this subject and the by-laws of the board of education leads me to the conclusion that the word "appointed," as used in the statute, is used in connection with regular teachers in all or nearly all instances, while the word "assigned" is generally used in connection with the teachers of special subjects. For instance, the word "assigned" is used in section 1112 of the original New York Charter (Laws 1897, c. 378) with relation to special teachers; again, in section 1085 of the revised charter (Laws 1901, c. 466), the word "assigned" is used in connection with such teachers. After the passage of chapter 751 of the Laws of 1900, the board of education of the city adopted by-laws and salary schedules. In those by-laws and salary schedules the regular teachers were referred to as having been "appointed" to their respective grades in nearly every instance, while the word "appointed" is not used in connection with teachers of special subjects. In the general rules and regulations, the word "appointed" is used in connection with the regular teachers. In an amendment of the by-laws on the 16th of July, 1900, the word "appointed" is again used and plainly in connection with regular teachers; again in another

[1] So in original.

by-law on the 26th of June, 1902; again in the by-law of February 25, 1902. While this use of this word may not be conclusive upon the subject, still I think it is of some assistance in determining what class of teachers was referred to by the statute, and when we find that the word "appointed," which is used in the statute, has been uniformly used in connection with regular teachers, it leads naturally to the conclusion that regular teachers are referred to in the statute. This inference is strengthened by the fact that another word is used when reference is made to teachers of special subjects, and they are "assigned" and not "appointed." This view of the law is strengthened by the fact that chapter 751 of the Laws of 1900, which contains similar language, has been held not to be applicable to teachers of special subjects, such as German. People ex rel. Hulshof v. Board of Education, N. Y. L. J., May 28, 1908, affirmed 130 App. Div. 903, 115 N. Y. Supp. 1139, leave to appeal to Court of Appeals denied 131 App. Div. 903, 115 N. Y. Supp. 1139; Ohmsted v. Board of Education, N. Y. L. J., Oct. 24, 1908.

Motion for a writ of mandamus is therefore denied upon the ground that the statute in question applies only to regular teachers and not to special teachers, and therefore does not apply to the relator, who teaches one subject only.

Motion denied.